SHAHOOD, J.
G.C. appeals a Delinquency Disposition Order withholding adjudication on the charges of criminal mischief and disrupting a school function. We reverse and remand with directions that the charges against G.C. be dismissed.
On September 7, 2000, G.C. was arrested for disruption of a school function and criminal mischief. On January 25, 2001, the state filed charges by way of a Petition for Delinquency. G.C. filed a Motion to Dismiss with Prejudice, arguing that the speedy trial period had expired on December 6, 2000 and that the state did not serve G.C. a summons to appear for arraignment until June 13, 2001, approximately six months after the speedy trial period expired. On July 2, 2001, the trial court denied the motion and ordered that the case be set for trial within ten days, pursuant to which G.C. pled no contest to the charges.
G.C. argues on appeal that he was entitled to dismissal based on a speedy trial violation because the state did not file charges against him until well after the 90-day speedy trial period. He contends that the state was not, therefore, entitled to the fifteen-day recapture period because the state did not notify G.C. of the charges against him within the period in order to allow him the opportunity to file a motion to dismiss.
G.C. emphasizes that his argument is based on the state’s violation of the speedy trial rule enunciated in the Rules of Juvenile Procedure, see Fla. R. Juv. P. 8.090, and is not a constitutional speedy trial claim. Rule 8.090 provides the following:
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
With regard to whether dismissal is warranted under these circumstances, the rule provides that, on a defense motion to discharge, the court shall first determine that the delay was not attributable to the defense. Fla. R. Juv. P. 8.090(d). On such a finding, the court shall hold a hearing no later than five days from the date of the filing of the motion for discharge and order that the defendant be brought to trial within ten days. Fla. R. Juv. P. 8.090(m)(3). If the' trial does not occur within the ten-day period, through no fault of the defendant, he will be entitled to discharge. Fla. R. Juv. P. 8.090(m)(3).
Here, G.C. was arrested on September 7, 2000; therefore, the 90-day speedy trial period expired on December 6, 2000. The petition was not filed until January 25, 2001, however, and G.C. was not arraigned *234 until June 13, 2001, over six months after the expiration of the speedy trial period.
We agree with G.C.’s argument that he is entitled to dismissal because the state did not file the petition within the 90-day period.
In State v. T.W., 679 So.2d 69 (Fla. 4th DCA 1996), this court affirmed the dismissal of the petition for delinquency, holding that under rule 8.090, “the state is not entitled to file charges against T.W. beyond the ninety-day period and avail itself of the recapture period provided for by the rule.” Id. at 70.
Thus, based on T.W., it was error for the trial court to deny G.C.’s motion to dismiss. We, accordingly, reverse and remand with directions that the charges against G.C. be dismissed.
REVERSED AND REMANDED WITH DIRECTIONS.
STEVENSON and HAZOURI, JJ., concur.